UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ALAN O. GONZALEZ,<br><br>　　　　Defendant. | Criminal No. 07-CR-2977-JLS<br><br>**ORDER:**<br><br>**(1)  DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO SEAL MOTION TO SUPPRESS AND FOR LEAVE TO FILE FURTHER MOTIONS;**<br><br>**(2) REJECTING DEFENDANT'S MOTIONS AND NOTICE OF MOTIONS TO COMPEL DISCOVERY AND TO SUPPRESS EVIDENCE AND LEAVE TO FILE FURTHER MOTIONS; and**<br><br>**(3) REJECTING DEFENDANT'S MOTION FOR ORDER SHORTENING TIME AND ORDER TO FILE OVER-SIZED BRIEF** |

　　　The Court has received several documents submitted by Defendant Gonzalez for filing: Defendant's motions and notice of motions to compel discovery, suppress evidence, and file further motions; a motion and proposed order to file Defendant's motion to suppress evidence and leave to file further motions under seal; and a motion and proposed order to shorten time and permit filing of an over-sized brief.

　　　Although Defendant's motion to seal documents only references his motion to suppress evidence and motion for leave to file further motions, all of his motions, including his motion to

compel discovery, have been submitted as one document for filing *ex parte* and under seal. Defendant has presented no grounds to warrant the *ex parte* filing of his motions. Furthermore, Defendant has made an insufficient showing to warrant filing of his motions under seal.

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption in favor of public access to records by meeting the compelling reasons standard. *Kamakana v. City and County of Honolulu* 447 F.3d 1172, 1178 (9th Cir. 2006). That is, "the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79 (citations omitted).

Here, Defendant contends his motion to suppress evidence and for leave to file further motions should be sealed "because the motion contains significant personal and private information and details concerning government discovery." The Court has reviewed Defendant's motions, a 44-page document, and is unable to determine precisely what information Defendant is referring to. Indeed, it appears that the information contained in the motion to suppress evidence is primarily the same information set forth in Defendant's previous publicly-filed motion to suppress statements.[1] Furthermore, even if there were information that is properly sealed within the motion to suppress, this would not warrant the sealing of Defendant's other motions, nor would it necessarily require sealing of the entire motion to suppress evidence. Accordingly, Defendant's motion to file his motions under seal will be denied and the motions will be rejected for filing.

Defendant is granted leave to re-submit a request for filing these documents under seal. Such a request should set forth with specificity the information sought to be filed under seal, the grounds warranting sealing, and any relevant legal authorities for the Court's consideration. Given the strong presumption in favor of public access to court records, only those matters

---

[1] Defendant was originally charged by information in Case Number 07-CR-2701-JLS. In that case, Defendant filed, on the open record, motions to produce wiretaps; to suppress statements; to suppress evidence; and for leave to file further motions. The original case was dismissed when Defendant was indicted in the instant case. Defense counsel was directed to re-file any motions under the new case number.

which are appropriately sealed will be filed under seal.  Thus, counsel should strive to keep the information sought to be placed under seal to a minimum; matters that do not require sealing should be filed separately through the Court's electronic filing system.

Based on the foregoing, the Court **HEREBY ORDERS** the following:

1. Defendant's Motion for Order to file his motions to suppress and for leave to file further motions under seal shall be filed by the Clerk of the Court under seal; said motion is **HEREBY DENIED WITHOUT PREJUDICE**.

2. Defendant's Motions and Notice of Motions to Compel Discovery and to Suppress Evidence and Leave to File Further Motions, submitted for filing *ex parte* and under seal, are **HEREBY REJECTED**.

3. Defendant's Motions for Order Shortening Time and Order to file Over-Sized Brief do not comply with Local Civil Rule 5.4, made applicable by Local Criminal Rule 1.1(e), as they were not filed electronically.  Furthermore, they are rendered moot in light of this Order.  Accordingly, said motions are **HEREBY REJECTED**.

**IT IS SO ORDERED**.

DATED:  December 13, 2007

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge