JOAN KERRY BADER
California State Bar No. 172586
964 Fifth Avenue, Suite 214
San Diego, California  92101-6128
Telephone:  (619) 699-5995
FAX (619) 699-5996
Attorney for Defendant GONZALEZ


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 07CR2977JLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION AND NOTICE OF |
| | ) | MOTION TO COMPEL |
| ALAN O. GONZALEZ, | ) | DISCOVERY AND |
| | ) | LEAVE TO FILE FURTHER |
| Defendant. | ) | MOTIONS |
| | ) | |

TO:  KAREN HEWITT, UNITED STATES ATTORNEY;
     STEVEN DESALVO, ASSISTANT UNITED STATES ATTORNEY:

     The defendant, Alan Gonzalez, by and through his counsel,

Kerry Bader, respectfully asks this Court to grant the motions

listed below.

Dated: December 17, 2007      //JOAN KERRY BADER
                              Joan Kerry Bader,
                              Attorney for Defendant
                              Gonzalez

//

//

//

//

//

//

1

JOAN KERRY BADER
California State Bar No. 172586
964 Fifth Avenue, Suite 214
San Diego, California  92101-6128
Telephone:  (619) 699-5995
fax (619)699-5996
Attorney for Defendant GONZALEZ


UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE JANIS L. SAMMARTINO)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 07CR2977JLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | MOTION TO COMPEL |
| v. | ) | DISCOVERY |
| | ) | |
| ALAN O. GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.**

**STATEMENT OF FACTS**

On or about August 30, 2007, Mr. Gonzalez was arrested at the Calexico Port of Entry in the Southern District of California.  He has been indicted and is charged with importation of approximately 106.8 pounds of marijuana, a violation of 21 USC sections 952, 960.

Preliminarily, the defense points out that in the original motions that were filed in this case, as it was filed under Case Number 07cr2701JLS, in its response motion, the government alleged that Mr. Gonzalez has been deported before, that he has been apprehended six times at the Port of Entry and that he has a conviction for assault with intent to rape.  It appears that the government is mistaking

this defendant for another defendant because Mr. Gonzalez is a United States citizen and the government has never alleged before the filing of its motion that Mr. Gonzalez has a prior conviction for Assault or that he has been apprehended before at the border.  The discovery provided by the government includes record checks that reflect no such charges or convictions or apprehensions or non-legal status. Mr. Gonzalez respectfully asks the Court to strike these allegations from the record as they only serve to prejudice Mr. Gonzalez unfairly.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

Mr. Gonzalez, through counsel, has received some discovery in this case.

Mr. Gonzalez moves for the production of the following discovery.  *This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies."*  See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).  This would include any and all "***ancillary files***" concerning Mr. Gonzalez in the custody of any governmental agency or entity involved in this case.

In particular, Mr. Gonzalez asks that the narcotic that was seized in this case be preserved so that the defense may test and reweigh it.

3

07cr2977JLS

Also, the defense specifically ask for discovery concerning the agents who detained, arrested and interrogated Mr. Gonzalez, including, but not limited to any Giglio, Henthorne or Brady discovery. Included in this request is any and all information that any of the agents are under investigation by any legal authority.

Rule 806 is another ground upon which the defendant asks for discovery concerning the credibility of the two agents who interrogated Mr. Gonzalez. (The agents are Agent Henderson and Agent McDonald). FRE 806 is entitled "Attacking and Supporting Credibility of Declarant." That rule states:

> *When a hearsay statement, or a statement defined in Rule 801(d)(2)C, (D) or (E), has been admitted in evidence, the credibility of the declarant may be supported, by any evidence which would be admissible for those purposes if declarant had testified as a witness. Evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement, is not subject to any requirement that the declarant may have been afforded an opportunity to deny or explain. If the party against whom the hearsay statement has been admitted calls the declarant as a witness, the party is entitled to examine the declarant on the statement as if under cross-examination. (Ialics added).*

The two agents who interrogated Mr. Gonzalez made a taped recording of the interrogation onto a DVD. The agents statements within the DVD are hearsay, and thus any evidence that touches on their credibility should be provided to the defense.

In addition, the defense specifically requests that the Court order the Government to provide in discovery any and

all evidence in, oral, written or otherwise, that depict the
training received by the arresting agents in handling
suspects and interrogating suspects.   The agents currently
known to the defense that handled Mr. Gonzalez are Agents
Vince McDonald, Agent Henderson and Agent Mercardo, Agent
Jones, Agent Olivas, and Agent McDowell.   These might
include, but are not limited to, training manuals,
briefings, videos, discs, and other written material.

(1)   <u>The Defendant's Statements</u>.   The government must
disclose to the defendant <u>all</u> copies of any written or
recorded statements made by the defendant, *including those
made by Mr. Gonzalez to the agents before being officially
interrogated by Agents McDonald and Henderson*; the substance
of any statements made by the defendant which the government
intends to offer in evidence at trial; any response by the
defendant to interrogation; the substance of any oral
statements which the government intends to introduce at
trial and any written summaries of the defendant's oral
statements contained in the handwritten notes of the
government agent; any response to any <u>Miranda</u> warnings which
may have been given to the defendant; as well as any other
statements by the defendant.   Fed. R. Crim. P. 16(a)(1)(A).
The Advisory Committee Notes and the 1991 amendments to Rule
16 make clear that the Government must reveal <u>all</u> the
defendant's statements, whether oral or written, regardless
of whether the government intends to make any use of those
statements.

07cr2977JLS

1    *Counsel for Mr. Gonzalez requests any and all of these*
2    *items at least two weeks before any evidentiary motion*
3    *hearing.*

4    *Mr. Gonzalez asks for his statements for the sole*
5    *purpose of litigating the issue of their admissibility.  By*
6    *asking for these statements Mr. Gonzalez is in no way*
7    *conceding their admissibility and the use of them against*
8    *him at any hearing or trial.*

9    (2)  Arrest Reports, Notes and Dispatch Tapes.  The
10   defendant also specifically requests the government to turn
11   over all arrest reports, notes, dispatch or any other tapes
12   that relate to the circumstances surrounding his arrest or
13   any questioning.  This request includes, but is not limited
14   to, any rough notes, records, reports, transcripts, audio or
15   video or dispatch tapes or DVDs or other documents in which
16   statements of the defendant or any other discoverable
17   material is contained.  Such material is discoverable under
18   Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S.
19   83 (1963).  The government must produce arrest reports,
20   investigator's notes, memos from arresting officers,
21   dispatch tapes, sworn statements, and prosecution reports
22   pertaining to the defendant.  See Fed. R. Crim. P.
23   16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I).

24   (3)  Brady Material.  The defendant requests all
25   documents, statements, agents' reports, and tangible
26   evidence favorable to the defendant on the issue of guilt
27   and/or which affects the credibility of the government's
28   case.  Under Brady, impeachment as well as exculpatory

07cr2977JLS

evidence falls within the definition of evidence favorable to the accused. *Accordingly, any and all <u>Brady</u>, <u>Henthorne</u> and <u>Giglio</u> information concerning the primary and secondary inspectors and the two agents who interrogated Mr. Gonzalez be handed over to the defense before any evidentiary hearing. If any of these agents are under investigation the defense specifically asks for such information.* <u>United States v. Bagley</u>, 473 U.S. 667 (1985), <u>on remand to</u>, 798 F.2d 1297 (9th Cir. 1986); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The government must produce this information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). This request includes any cooperation or attempted cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to the appropriate Guideline to be utilized in this case. In this case, it appears that the interrogating agents obtained information from Mr. Gonzalez prior to their taped interrogation. All evidence of this should be forwarded to the defense.

(5) <u>The Defendant's Prior Record</u>. The defendant appears to have received a copy of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim.

1  P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In

2  addition, under Fed. R. Evid. 404(b), "upon request of the

3  accused, the prosecution . . . shall provide reasonable

4  notice in advance of trial . . . of the general nature . .

5  ." of any evidence the government proposes to introduce

6  under Fed. R. Evid. 404(b) at trial.  The defendant requests

7  that such notice be given four weeks before trial in order

8  to give the defense time to adequately investigate and

9  prepare for trial.  At this time, the trial in this matter

10  is scheduled for February 4, 2008.

11      (7)  <u>Evidence Seized</u>.  The defendant requests

12  production of evidence seized as a result of any search,

13  either warrantless or with a warrant.  Fed. R. Crim. P.

14  16(a)(1)©.  This includes but is not limited to all evidence

15  seized as a result of this arrest, both from Mr. Gonzalez'

16  person and from the vehicle which he was driving.

17      (8)  <u>Request for Preservation of Evidence</u>.  The

18  defendant specifically requests the preservation of all

19  dispatch tapes, audio or video tapes, or any other physical

20  evidence that may be destroyed, lost, or otherwise put out

21  of the possession, custody, or care of the government and

22  which relate to the arrest or the events leading to the

23  arrest in this case.

24      This request includes, but is not limited to, all of

25  the property seized from the vehicle Mr. Gonzalez was

26  driving, vehicles related to him, his personal effects, and

27  any evidence seized from the defendant or any third party.

28  These items include, but are not limited to, Mr. Gonzalez'

07cr2977JLS

1  cell phone and all of his other property that was seized by
2  the arresting agents.

3      Due to the disputes in this case, Mr. Gonzalez asks the
4  Court to order the Government to preserve all rough notes of
5  *all* of the agents who were involved in this case, not just
6  Agent McDonald who took notes during the interrogation.
7  This request would include all agents involved in the
8  apprehension of Mr. Gonzalez, the seizure and search of the
9  vehicle and its contents and the arrest of Mr. Gonzalez.
10 This would include each and every agent from primary
11 inspection, secondary inspection and any agent involved in
12 the post-arrest procedures, such which includes, but is not
13 limited to the search of the vehicle and its contents.

14     The preservation of these notes is requested  for
15 Jencks and Brady purposes.

16     Specifically, the defense asks the Court to order the
17 Government to provide the defense with the notes prior to
18 the suppression hearing in this matter so that there will be
19 no need to interrupt the hearing.  The notes are relevant to
20 the question of voluntariness, and the inadequacy and the
21 inaccuracy of the Miranda warnings.  Related to this, the
22 defense reiterates its request for any and all training
23 materials related to the agents' training in searches,
24 seizures and interrogating suspects.  These, of course, are
25 relevant to the suppression issues that have been raised in
26 Mr. Gonzalez' original motion.

27     In addition, Mr. Gonzalez requests that the Assistant
28 United States Attorney assigned to this case personally

07cr2977JLS

review *all personnel* files of each agent involved in the present case for impeachment material.  <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), <u>appeal after remand</u>, 985 F.2d 575 (9th Cir. 1992).

(9)  <u>Tangible Objects</u>.  The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, computers, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.  Fed. R. Crim. P. 16(a)(2)(C).

(10)  <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony, including but not limited to, the agents involved in the seizure and the arrest.

(11)  <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant, including but not limited to, the agents involved in the arrest and any other persons arrested on the same day as Mr. Gonzalez. <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>, <u>supra</u>.

07cr2977JLS

Discovery of <u>Henthorne</u> evidence is also relevant at this time (before the suppression hearing).  Therefore, the defense respectfully asks the Court to order the government to provide this prior to the evidentiary hearing.  The government agents' integrity and training is at stake; therefore, this material needs to be provided to the defense prior to the suppression hearing. See, generally, Federal Rule of Evidence, Rule 806:

> When a hearsay statement, or a statement defined in Rule 801(d)(2)C,(D) or (E), has been admitted into evidence, the credibility of the declarant may be attacked, and if attacked may be supported by any evidence which would be admissible for those purposes if declarant had testified as a witness.[1]

The defense is wary of the government's position set forth on page six of its original brief which was filed under the previous case number, 07cr2701JLS, under section 11 "Impeachment Evidence."  There the government asserted:

> The United States recognizes and will comply with its obligations under case law and discovery rules to disclose exculpatory information and impeachment information.  To the extent such disclosures are not required by the case law and rules, the United States opposes Defendant's broad request for evidence of criminal acts or investigations into prospective government witnesses by federal, state or local authorities... *Moreover, the United States has no obligation to disclose information not within its possession.* See United States v. Gatto, [citation omitted]; United States v. Aichele, [citation omitted](California state prisoner's files outside of federal prosecutor's possession); United States v. Chaevez-Vernaza, [citation omitted] (the federal government had no duty to obtain from state officials documents of which it was aware but over which it had no control; cf. Beavers v. U.S., 351

---

[1] The defense does not concede that any of the agents' statements are admissible against the defendant, but in the event they are admitted, the defense requests this discovery.

07cr2977JLS

F.2d 507 (9th Cir. 1965)(Jencks Act refers to "any
statement" of a witness produced by United States
which is in the possession of United States and
does not apply to a recording in possession of
state authorities).

The government goes on to state in paragraph 12 of its
brief:

The United States is unaware of any evidence that
any government witness is, or has been, the subject
of a criminal investigation. In any event, as
noted above, the United States opposes Defendant's
broad request for such information. p. 6, Gov't
Brief.

The Government's watered-down version of its discovery
obligations set forth in the motions it filed in the
original case number, 07cr2701JLS requires scrutiny. The
defense asks the Government to pay attention to this request
and reminds the Court that the government's witnesses are
suspect based on their behavior in the DVD. As the DVD
shows, the Government agents deliberately put words in Mr.
Gonzalez' mouth (telling him to claim the drugs did not
belong to him) while they simultaneously misleading Mr.
Gonzalez by suggesting to him that by waiving his <u>Miranda</u>
rights, the government was doing him a favor by providing
him with the opportunity from the government to tell his
side of the story and that this would benefit him!

The government agents' deceptive practices comprise a
predicate factor that prompts the request for <u>Brady</u>,
<u>Henthorne</u>, <u>Jencks</u>, and the agents' training history.

<u>Brady</u>'s holding is clear, and it is not anywhere near
as restrictive as the government would have it:

We now hold that the suppression by the prosecution
of evidence favorable to an accused upon request

violates Due Process where the evidence is material as to guilt or punishment, irrespective of the good faith or bad faith of the prosecution. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

To its credit, the Government recognizes that [i]mpeachment evidence may constitute <u>Brady</u> material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." <u>United States v. Blanco</u>, 392 F.3d 382, 387 (9th Cir. 2004). Gov't Brief, p. 3, lines 23-25. A defendant is also entitled to impeachment evidence regarding any government agent that testifies at trial. <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

However, the Government then asserts that it is "unaware of any evidence that any government witness, is, or has been, the subject of a criminal investigation." The government has a strict obligation to find this out.

Thus the defense asks the Court to order the Government to *look and ask* if any of the agents were or are under investigation, and to conduct civil and criminal checks on the agents within its office and its agencies, including, but not limited to the U.S. Attorney's Office (*i.e., the prosecutor's colleagues)*, Internal Affairs, the Federal Bureau of Investigation, the State Department, the Drug Enforcement Agency and all the relevant agencies under the Department of Homeland Security.

Impeachment evidence is exculpatory evidence within the meaning of <u>Brady</u>. <u>Giglio</u>, 405 U.S. at 154, <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985). <u>Brady</u> and <u>Giglio</u> includes

07cr2977JLS

material that *bears on the credibility of a significant witness in the case*, such as the interrogating agents. United States v. Brumel-Alvarez, 991 F.2d 1452, 1461 (9th Cir. 1993)(italics added).

"Because the prosecution is in a unique position to obtain information known to other agencies of the government, it may not be excused from disclosing what it does not know but could have learned." Carriger v. Stewart, 132 F.3d 463, 480 (9th Cir. 1997)(en banc).

In United States v. Blanco, supra, 392 F.3d at 388, the Ninth Circuit held that the government wrongly withheld impeachment evidence concerning a Confidential Informant [CI] in violation of Giglio and Brady, specifically, the DEA's failure to give the prosecuting attorney information that the CI had been an illegal alien and was given a special immigration visa in exchange for his work as an informant:

> A prosecutor's duty under Brady necessarily requires the cooperation of other government agencies who might possess Brady material.  In United States v. Zuno-Arce, 44 F.3d 1420 (9th Cir.)(as amended), we explained why it is the government's not just the prosecutors' conduct which may give rise to a Brady violation.
> Exculpatory evidence cannot be kept out of the hands of the defendant just because the Prosecutor does not have it, where an investigating agency does.  That would undermine Brady by allowing the investigating agency to prevent production by keeping a report out of the prosecutor's hands until the agency decided the prosecutor might have it, and by allowing the prosecutor tell the investigators not to give him certain materials unless he asks for them. Id.  See also: United States v.Monroe, 943 F.2d 1007, 1011, n.2 (9th Cir. 1991)(stating that "the prosecutor must disclose any [Brady] information within the possession or control of law enforcement personnel.")(quoting

<u>United States v. Hsieh Hui Mei Chen</u>, 754 F.2d 817, 824 (1985).  There is no ambiguity in the law, the obligation under <u>Brady</u> and <u>Giglio</u> is the obligation of the government, not merely the obligation of the prosecutors.  As we wrote in <u>Zuno-Arce</u>, "exculpatory evidence cannot be kept out of the hands of the defense just because the prosecutor does not have it where an investigating agency does. 44 F.3d at 1427.  To repeat, <u>Brady</u> and <u>Giglio</u> impose obligations not only on the prosecutors, but on the government as a whole.

The fact that the Government asserted that Mr. Gonzalez is not a U.S. citizen and that he has a serious prior conviction that has never been disclosed before underscores the defense' concern about the government's discovery obligations.

The defense discovery request also includes preservation of the vehicle and all of its contents.  The defense asks the Court for permission to view the vehicle and all of its contents and to reweigh the marijuana seized in this case.

(12)  <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct, including but not limited to, the agents involved in the arrest.

(13)  <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>.  The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence

07cr2977JLS

that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic including but not limited to, the agents involved in the arrest.

(14) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each prospective government witness, including expert witnesses.  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(15) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

(16) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(17) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500.  Advance production will avoid delays at the request of defendant to investigate the Jencks material.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under § 3500(e)(1).  The DVD shows Special Agent Vince McDonald took notes and confirmed them with Mr.

Gonzalez in this matter. <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(18)  <u>Giglio Information</u>.  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony and/or cooperation in this case, and all other information which could arguably be used for the impeachment of any government witnesses.  This includes tax returns and remuneration given to cooperating witnesses and agents, and any other item, tangible or intangible that indicates was given or offered to a witness in exchange for his or her cooperation, such as any and all gifts, favors, and lenient treatment given to such persons or their family members or friends.  Lenient treatment includes but is not limited to favorable plea agreements, sentencing recommendations, grants of visas or other immigration benefits, preferred placement and treatment in the incarceration context and preferential bond recommendations.  This request also extends to but is not limited to any modifications, assistance or forgiveness given by the government to a witness including any debt or tax relief or other compensation.

(19)  <u>Agreements Between the Government and Witnesses</u>. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity in any

17

07cr2977JLS

forum and jurisdiction, of past, present, or future
compensation, or any other kind of agreement or
understanding, including any implicit understanding relating
to criminal or civil income tax, forfeiture or fine
liability, between any prospective government witness and
the government (federal, state and/or local).  This request
also includes any discussion with a potential witness about
or advice concerning any contemplated prosecution, or any
possible plea bargain, even if no bargain was made, or the
advice not followed.

(20)  <u>Informants and Cooperating Witnesses</u>.  The
defendant requests disclosure of the names and addresses of
all informants or cooperating witnesses used or to be used
in this case, and in particular, disclosure of any
informant[s] who was a percipient witness in this case or
otherwise participated in the crime charged against Mr.
Gonzlez.  The government must disclose the informant's
identity and location, as well as disclose the existence of
any other percipient witness unknown or unknowable to the
defense.  The defense needs the information so that it may
prepare to defend the case.  Without the names and
information that these people are allegedly supplying, there
can be no meaningful preparation or defense or trial, and
will result in various constitutional violations. <u>Roviaro v.
United States</u>, 353 U.S. 53, 61–62 (1957).  The government
must disclose any information derived from informants which
exculpates or tends to exculpate the defendant.

07cr2977JLS

(21)  <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness.  <u>Giglio v. United States</u>, 405 U.S. 150 (1972).  Such information would include what, if any, inducements, favors, payments or threats were made to the witness to secure cooperation with the authorities.  In addition, Mr. Gonzalez requests any and all evidence of any witness' inability to tell the truth, any and all investigations or arrests or convictions and any and all medical, psychological, drug or alcohol-related problems.

(22)  <u>Residual Request</u>.  Mr. Gonzalez intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  Mr. Gonzalez requests that the government provide him and his attorney with the above requested material sufficiently in advance of a substantive motion hearing and/or trial to avoid unnecessary delay prior to cross-examination.

**III.**

**Mr. GONZALEZ REQUESTS LEAVE TO FILE FURTHER MOTIONS**

In the event the defense receives more discovery or additional legal issues or facts arise, it is requested that Mr. Gonzalez be allowed the opportunity to file additional motions.

07cr2977JLS

**IV.**

**<u>CONCLUSION</u>**

For the foregoing reasons, Mr. Gonzalez respectfully requests that the Court grant his motions to compel discovery and for leave to file further motions.

Dated:  December 17, 2007    Respectfully submitted,


<u>//JOAN KERRY BADER</u>
JOAN KERRY BADER
Attorney for Mr. Gonzalez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07cr2977JLS