KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant United States Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032
Facsimile: (619) 235-7837

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07CR2977-JLS |
| Plaintiff, | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS** |
| v. | |
| ALAN OSZUEL GONZALEZ, | Date: February 4, 2008 |
| Defendant. | Time: 9 a.m. |
| | Honorable: Janis L. Sammartino |

//

//

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motion to Suppress. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

# I
# STATEMENT OF THE CASE

On November 16, the Defendant was arraigned on an Indictment charging him with Importation of Marijuana, in violation of Title 21, United States Code, Section 952 and 960. Defendant pleaded not guilty.

# II
# STATEMENT OF FACTS

On August 30, 2007, at 5:55 a.m., Defendant entered the United States via the Calexico West Port of Entry. He was the sole occupant and driver of a 1986 Ford F350 Lariat. Inspectors at the Port of Entry discovered 53.88 kilograms of marijuana in the gas tank of the vehicle. After his arrest, ICE Agent Vincent McDonald interviewed Defendant. After obtaining routine background information from Defendant, Agent McDonald advised Defendant of his rights under Miranda. Agent McDonald also obtained a written waiver from Defendant in the English language. Defendant agreed to answer questions without a lawyer present. During the interview, Defendant admitted knowledge of the marijuana. He stated that persons who gave the vehicle to him told him there was marijuana in the vehicle. He admitted to being paid $1,500 to cross the vehicle into the United States.

# III
# UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION

**A.   DEFENDANT'S STATEMENT IS ADMISSIBLE**

   1.   The Agent's Statements Were Not Coercive

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S. 437 (1966) and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of rights, and was not elicited by improper coercion.

1  Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs
2  voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the
3  "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that
4  a confession is not 'voluntary'"). Although the totality of circumstances, including characteristics of the
5  defendant and details of the interview, should be considered, improper coercive activity is a necessary
6  predicate to suppression of any statement. Id.; cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973)
7  ("Some of the factors taken into account have included the youth of the accused; his lack of education,
8  or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of
9  detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such
10 as the deprivation of food or sleep.") (citations omitted).

11         Significantly, merely informing a defendant that cooperation may be in defendant's interest does
12 not render a subsequent confession involuntary. United States v. Guerrero, 847 F.2d 1363, 1366 (9th
13 Cir.1988) ("An interrogating agent's promise to inform the government prosecutor about a suspect's
14 cooperation does not render a subsequent statement involuntary.").

15         Defendant argues that the agents engaged in coercive tactics that rendered his confession
16 involuntary. Although the government argues that Defendant has failed to establish that he is entitled
17 to an evidentiary hearing, see supra, if there is an evidentiary hearing, the videotaped confession, which
18 may be viewed by the court, will show that the agents did the following: (1) they told him that he would
19 be given a chance to tell "his side of the story" and that he also would have an opportunity to say that
20 the marijuana was "not my stuff"; (2) they told him that the agents were "not judges" and that they had
21 no power to decide his jail time, but that whatever the Defendant disclosed would be passed onto the
22 judge; and (3) the agents told Defendant that they just needed his facts for the purpose of gathering
23 "intelligence." Defendant argues that these statements were coercive. See generally Notice of Motion
24 and Motion to Suppress. However, as explained below, case law holds otherwise.

25         First, the agent's statement that defendant would have a chance to tell his story came only in
26 response to Defendant's voluntary question asking, "Was it marijuana?" This inquiry occurred before
27 the Miranda advisement, while the agent was obtaining merely biographical information. The agent told
28 the Defendant, "Hold on, hold on, we're going to give you a chance. We're going to give you a chance

to talk." To the extent that the Defendant, in making this pre-warning statement, already was psychologically prepared to talk to the agents, any routine response by the agents to his question inquiring about the identity of the drugs could not be considered coercive. The court in <u>United States v. Wauneka</u>, 842 F.2d 1083, 1088 (9th Cir. 1988) explained that the Supreme Court, in <u>Oregon v. Elstad</u>, 470 U.S. 298 (1985), has instructed courts "not to consider the psychological impact of a defendant of his pre-warning disclosure in their determination of the voluntariness of post-warning admissions." Thus, the statement cannot be deemed coercive.

The agents again told Defendant, just before the <u>Miranda</u> advisement, that he could tell his "side of the story." The agent told Defendant: "Okay, we're going to advise you of your rights. This is your opportunity to give us your side of the story but before we ask you any questions you have to read and initial each one of these lines." Later, another agent advised him that he would have the opportunity to say that the marijuana was "not my stuff." Plainly, none of the agents' statements were coercive. The test for voluntariness is whether the confession was "extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." <u>Hutto v. Ross</u>, 429 U.S. 28, 30, 97 S.Ct. 202, 203 (1976). Thus, there must be a showing that the defendant's "will has been 'overborne' or his 'capacity for self determination critically impaired.' " <u>United States v. Pelton</u>, 435 F.2d 1067, 1071 (4th Cir. 1987).

It is impossible to imagine how telling the defendant that he can tell his "side of the story," or that he will have an opportunity to say the marijuana was not his, is coercive under the above tests. The statements do not promise, or even imply, leniency. Nor do they contain, or imply. any threats. Rather, they simply reiterate common motives among the accused to talk to the police – to tell one's "side of the story" or to assert one's innocence. Nor could they reasonably be interpreted as confusing Defendant about his <u>Miranda</u> rights, because, immediately thereafter, Defendant, both orally and in writing, was advised of his <u>Miranda</u> rights – including his right to remain silent – and the Defendant stated that he understood them. There was no improper influence. Cf. <u>United States v. Guerrero</u>, 847 F.2d 1363, 1366 (9th Cir.1988) (informing defendant that cooperation is in his best interest is not coercive).

Second, the agent's statement that Defendant's disclosure would be passed onto the judge was not coercive. The statement occurred *after* the agent advised Defendant of his Miranda rights and *after* the Defendant affirmed that he understood those rights. Moreover, it is a correct statement of what happens to post-Miranda statements. The fact that the agent did not add that the statement could also appear before a jury is of no consequence, as the Defendant indisputably already had been advised that "anything you say can be used against you in court or other proceedings." The defendant asserted that he understood this admonition by signing an express "Statement of Rights." See Exhibit A to this motion. Accordingly, this statement was not coercive.

Third, the agent's statement that they wanted to gather "intelligence" from Defendant might have given him the impression that the agents were targeting other suspects, but the statement hardly qualifies as the type of improper police tactic – such as a threat or promise – that Miranda condemned. "Ploys to mislead a suspect or to lull him into a false sense of security that do not rise to the level of compulsion or coercion to speak are not within Miranda's concerns." Illinois v. Perkins, 496 U.S. 292, 110 S.Ct. 2394, 2397 (1990).

Finally, Defendant expressly waived his Miranda rights, orally and in writing. As the videotape will show, Defendant read his rights aloud, from the printed form, and verbally assented that he understood each of his rights. See Exhibit A to t his motion. Defendant claims that after being advised of his rights and after being asked if he wanted to talk, he pushed his chair away from the desk, indicating "no." See Notice of Motion and Motion to Suppress, at 15. *This is not an accurate description of what occurred.* In fact, as a viewing of the videotaped confession will show, after being asked whether he wanted to talk, Defendant moved his chair back to where it had been earlier (he had moved the chair to read and sign the waiver form) and thought about it for a moment. An agent then said, "You don't have to talk with us." The agent stated that he was trying to "make a determination of what's going on" and that the defendant had an opportunity to say that the marijuana wasn't his "stuff." When asked if he wanted to talk, Defendant replied, "Yeah." Even at that point, the other agent again reminded Defendant that "you don't have to talk with us." Clearly, Defendant knowingly and voluntarily waived his Miranda rights.

1        2.      <u>Defendant Is Not Entitled to An Evidentiary Hearing In Absence of Declaration</u>

Under Ninth Circuit and Southern District precedent, as well as a Southern District Local Rule, a Defendant is entitled to an evidentiary hearing on a motion to suppress only when the Defendant adduces specific facts sufficient to require the granting of Defendant's motion. <u>United States v. Batiste</u>, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); <u>United States v. Moran-Garcia</u>, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.

Requiring a declaration from a defendant in no way compromises defendant's constitutional rights, as declarations in support of a motion to suppress cannot be used by the government at trial over a defendant's objection. <u>Batiste</u>, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress ); <u>Moran-Garcia</u>, 783 F. Supp. at 1271-74 (extending <u>Batiste</u> to Fifth Amendment motion to suppress).

Nor is it reasonable to object that a defendant will have less information that the government, and so should not be required to provide proof to support a motion. <u>Batiste</u>, 868 F.2d at 1092. At least in the context of motions to suppress statements, which require police misconduct incurred by defendant while in custody, defendant certainly should be able to provide the facts supporting the claim of misconduct.

The objection that 18 U.S.C. § 3501 requires an evidentiary hearing in every case is of no merit. Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury." Nothing in section 3501 betrays any Congressional intent to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court. <u>Batiste</u>, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

      3.      <u>The Government Has Adequate Proof to Support Rejection of a Motion to Suppress.</u>

The Ninth Circuit has expressly stated that a government proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts. Batiste, 868 F.2d at 1092. As the Defendant in this case has failed to provide a declaration alleging specific and material facts, the Court would be within its discretion to deny Defendant's motion based solely on the statement of facts attached to the complaint in this case, without any further showing by the Government.

In this case, the Government has attached to this motion (a) the statement of facts that accompanied the complaint, (b) the Report of Investigation of an agent who was present during Defendant's advisement of rights and interview, and (c) the Waiver Form executed by Defendant to memorialize his waiver of rights. See Exhibits A, B, and C to this motion. These documents, though hearsay, may be considered by the Court in making pretrial rulings, Fed. R. Evid. 1101, and suffice to show at this stage that there is no legitimate issue as to Defendant's Miranda waiver or the voluntariness of his statement.

4.  Conclusion.

As the government intends to submit evidence as to Miranda and voluntariness at trial, and the Defendant has provided no reason for the Court to believe that any genuine factual dispute exists on these questions, the Government asks that the Court deny Defendant's motion without prejudice, and without an evidentiary hearing. The Government further asks that the Court hold under 18 U.S.C. § 3501 that Defendant's statement was voluntary and is admissible.

## V

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that this Court deny Defendant's motions except where unopposed.

DATED: January 28, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Steven De Salvo

STEVEN DE SALVO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2977-JLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | CERTIFICATE OF SERVICE |
| v. | ) | |
| | ) | |
| ALAN OSZUEL GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Joan Kerry Bader**
Law Offices of J. Kerry Bader
964 Fifth Avenue
Suite 214
San Diego, CA 92101-6128
(619)699-5995
kbader1270@aol.com

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 28, 2007.

                                              s/ Steven De Salvo

                                              STEVEN DE SALVO