```
 1  CAROL C. LAM
    United States Attorney
 2  STEVEN DE SALVO
    Assistant U.S. Attorney
 3  California State Bar No. 199904
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California  92101-8893
 5  Telephone: (619) 557-6330
    Facsimile: (619) 557-7032
 6
    Attorneys for Plaintiff
 7  United States of America
 8
 9                  UNITED STATES DISTRICT COURT
10                 SOUTHERN DISTRICT OF CALIFORNIA
11
    UNITED STATES OF AMERICA,          )  Criminal Case No.  07CR2977-JLS
12                                     )
                                       )  Date: February 11, 2008
13              Plaintiff,             )  Time: 9:00 a.m.
                                       )  Before Honorable Janis L. Sammartino
14       v.                            )
                                       )
15  ALAN OSZUEL GONZALEZ,              )  UNITED STATES' MOTIONS IN LIMINE
                                       )  TO
16              Defendant.             )
                                       )  (A)  EXCLUDE WITNESSES;
17                                     )  (B)  PROHIBIT REFERENCE TO
                                       )       PUNISHMENT, EDUCATION,
18                                     )       HEALTH, AGE, and FINANCES;
                                       )  (C)  ADMIT EXPERT TESTIMONY;
19                                     )  (D)  ADMIT DOCUMENTS;
                                       )  (E)  ADMIT DUPLICATES;
20                                     )  (F)  ESTABLISH CHAIN OF
                                       )       CUSTODY;
21                                     )  (G)  ADMIT DEMEANOR EVIDENCE;
                                       )  (H)  LIMIT TESTIMONY OF
22                                     )       CHARACTER WITNESSES;
                                       )  (I)  PRECLUDE EXPERT TESTIMONY
23                                     )       BY DEFENSE WITNESSES; and
                                       )
24                                     )
                                       )  TOGETHER WITH STATEMENT OF
25                                     )  FACTS AND MEMORANDUM OF
                                       )  POINTS AND AUTHORITIES
26                                     )
                                       )
27                                     )
                                       )
28                                     )
                                       )
                                                                07CR2977-JLS
```

|                                               )
|_____)

COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Carol C. Lam, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its motions in limine in the above-captioned case. Said memorandum is based upon the files and records of this case.

## I

## STATEMENT OF THE CASE

On October 31, 2007, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Alan Oszuel Gonzalez ("Defendant") with Importation of Marijuana, in violation of Title 21, United States Code, Sections 952, 960 and Possession of Marijuana With Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1). On November 16, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

On August 30, 2007, at 5:55 a.m., Defendant entered the United States via the Calexico West Port of Entry. He was the sole occupant and driver of a 1986 Ford F350 Lariat. The Customs and Border Protection Officer noticed that Defendant was nervously fidgeting. When asked to whom the car belonged, Defendant replied that he bought the truck six months earlier in Mexicali. Agents later confirmed that in March 2007 Defendant had submitted a registration application with the Department of Motor Vehicles, but that he had not completed the registration.

In the primary inspection area, the officer tapped a propane tank located in the bed of the truck, and heard a thud, indicating to him that the tank contained a solid substance. After the vehicle was referred to the secondary inspection area, an officer with a narcotics detector dog screened the truck and the dog alerted to the propane tank. Officers noticed that the propane tank had been cosmetically repaired with Bondo®. Officers removed the end cap of the tank and removed seven packages of a green leafy substance, which tested positive for marijuana.

After Defendant's arrest, ICE Agent Vincent McDonald interviewed Defendant. After obtaining routine background information, Agent McDonald advised Defendant of his rights under Miranda. Agent McDonald also obtained a written waiver from Defendant in the English language. Defendant agreed to answer questions without a lawyer present. During the interview, Defendant admitted knowledge of the marijuana. He stated that persons who gave the vehicle to him told him there was marijuana in the vehicle. He admitted to being paid $1,500 to cross the vehicle into the United States.

### III

### *IN-LIMINE* MOTIONS OF THE UNITED STATES

**A.    THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to be essential to the presentation of the party's cause" should not be ordered excluded from the court during trial. The case agent in the present matter has been critical in moving the investigation forward to this point and is considered by the United States to be an integral part of the trial team. The United States requests that Defendant's testifying witnesses be excluded during trial pursuant to Rule 615.

**B.    DEFENDANT SHOULD BE PROHIBITED FROM ARGUING PUNISHMENT, EDUCATION, HEALTH, AGE, FAMILY CIRCUMSTANCES, AND FINANCES TO THE JURY**

Defense counsel may wish to raise potential penalties Defendant faces if convicted. Information about penalty and punishment draws the attention of the jury away from their chief function as the sole judges of the facts, opens the door to compromised verdicts, and confuses the issues to be decided. United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995). In federal court, the jury is not permitted to consider punishment in deciding whether the Government has proved its case against the defendant beyond a reasonable doubt. 9th Cir. Crim. Jury Instr. §7.4 (2003). Any such argument or reference would be an improper attempt to have the jury unduly influenced by sympathy for the defendant and prejudiced against the Government. See 9th Cir. Jury Inst. § 3.1 (2000).

Therefore, the Government hereby moves in limine for the Court to order defense counsel not to mention any penalty or punishment to the jury or to solicit testimony regarding the same.

Likewise, the defense should be prohibited from making reference to or arguing about

1  Defendant's education, health, age, family circumstances, and finances.  Defendant may attempt to
2  introduce evidence designed to improperly arouse the sympathy of the jury, such as evidence of his age
3  or personal background.  The court should preclude Defendant from presenting such evidence under
4  the Federal Rules of Evidence  401, 402, and 403.

5        Testimony about Defendant's education, health, age, family circumstances, and finances are
6  patently irrelevant to the issues in this case.  Rule 401 defines "relevant evidence" as "evidence having
7  any tendency to make the existence of any fact that is consequence to the determination of the action
8  more probable or less probable than it would be without the evidence."  Rule 402 states the evidence
9  "which is not relevant is not admissible."  Testimony about Defendant's age and personal background
10 are of no consequence to the determination of any essential facts in this case.  Likewise, a defendant's
11 right to testify is not absolute.  That right does not authorize a defendant to present irrelevant testimony.
12 See, United States v. Adams, 56 F.3d 737 (7th Cir. 1995) (proper to exclude video of defendant's
13 children opening gifts on Christmas because video would only develop sympathy for accused and would
14 not establish defendant's whereabouts two days earlier).

15       Furthermore, the introduction of such evidence would violate Fed. R. Evid. 403.  That rule
16 allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of the
17 issues outweighs the probative value of such evidence. A trial court has "wide latitude" to exclude such
18 prejudicial or confusing evidence.  See United States v. Saenz, 179 F.3d 686, 689 (9th Cir. 1999).  The
19 admission of testimony about defendant's education, health, age, and finances will tend "to induc[e]
20 decisions on a purely emotional basis . . ." in violation of Rule 403.  See, Fed. R. Evid. 403 Advisory
21 Committee Notes; United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998).  Juries should not be
22 influenced by sympathy.  9th Cir. Crim. Jury Instr. § 3.1 (2003).

23       Thus, the Government moves *in limine* for the court to order defense counsel not to introduce
24 such testimony from Defendant or from any witnesses.

25       **C.**    **ADMIT EXPERT TESTIMONY BY GOVERNMENT WITNESSES**

26       The United States expects to present expert testimony by a DEA chemist who determined the
27 substance found in Defendant's vehicle was marijuana and by an ICE Special Agent who has
28 determined the wholesale and retail values of the marijuana in Mexicali and San Diego County in

August 2007. The Court should admit expert testimony by these two witnesses.

If specialized knowledge will assist the trier-of-fact in understanding the evidence or determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue in question. Fed. R. Evid. 702. It is within the sound discretion of the trial judge to determine whether or not expert testimony would assist in understanding the facts at issue. United States v. Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir. 1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703. An expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier-of-fact. Fed. R. Evid. 704.

The United States expects to present the testimony of DEA chemist Dean Kirby that the substance seized from the car was marijuana.[1] At trial, the United States will be required to prove that Defendant knowingly brought marijuana into the United States and that Defendant knew it was marijuana or some other prohibited drug. See 9th Cir. Crim. Jury Instr. § 9.27 (2003). The United States will also have to show that Defendant knowingly possessed marijuana. See 9th Cir. Crim. Jury Instr. § 9.13 (2003). Defendant's importation and possession of marijuana, or some other controlled substance, are elements of the offenses with which she is charged. Thus, expert testimony that the substance seized from Defendant's car was marijuana, a controlled substance, is relevant and should be admitted. See 9th Cir. Crim. Jury Instr. 9.13 (2003) (stating, "It does not matter whether the defendant knew that the substance was [marijuana]. It is sufficient that the defendant knew it was some kind of prohibited drug."). See also United States v. Orduno-Aguilera, 183 F.3d 1138, 1140 (9th Cir. 1999) (finding government failed to meet its burden of proving that controlled substance defendant was accused of importing and possessing met statutory definition).

In addition, the United States intends to present expert testimony by a federal agent regarding the wholesale and retail values of the marijuana seized from Defendant's vehicle. Specifically, Special

---

[1] To date, the United States and Defendant have not entered into a stipulation regarding the type or quantity of drug that was seized from Defendant's car. If the parties are able to reach a stipulation, the admissibility of expert testimony about drug type will be moot.

Agent Jerry Conrad of U.S. Immigration and Customs Enforcement will testify as to the wholesale and retail price range for the amount of seized marijuana in the border region of Mexico and in San Diego County, California. The agent will also testify about how marijuana is consumed by the typical end-user. The expert will testify that the amount of marijuana seized from Defendant's car was far greater than a consumer would possess for personal use.

The value expert's testimony on the wholesale and retail values of the marijuana seized in this case is relevant to Defendant's intent to distribute. See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (finding that price and quantity of narcotics is relevant to defendant's intent to distribute). The Ninth Circuit has upheld the admissibility of expert testimony as to the retail value of drugs. See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) ("DEA agents can testify as to the street value of narcotics . . . and counsel can argue reasonable inferences from it.") (citation omitted); see also United States v. Ramirez, 176 F.3d 1179, 1181 (9th Cir. 1999) (finding it "reasonable to infer that a $37,120 shipment of marijuana would not be entrusted to the driver of the vehicle without the driver's knowledge"). Accordingly, no basis exists for excluding this testimony as to the value of the drugs.

It is expected that Agent Conrad will base his opinions on his experience investigating these types of cases, as well as his experience interviewing drug traffickers, debriefing confidential informants, and discussing drug value information with other agents.

The United States does not intend to introduce expert testimony regarding structure in its case-in-chief. If the United States presents such evidence in rebuttal, it will do so consistent with United States v. Vallejo, 237 F.3d 1008, as amended, 241 F.3d 1150 (9th Cir. 2001).

**D.  DOCUMENTS SEIZED AT TIME OF DEFENDANT'S ARREST ARE ADMISSIBLE**

Ninth Circuit law is clear that the documents seized from a defendant at the time of arrest are properly admissible against that defendant. At the time of Defendant's arrest, documents were seized pertaining to the registration of the car he was driving, as well as other personal items. The United States should be permitted to use in its prosecution these items taken from Defendant.

These personal items in Defendant's possession show dominion and control of the vehicle and

1 its contents. Documents relating to the vehicle Defendant was driving when the marijuana was found
2 are admissible as adopted admissions by a party opponent and are not excluded by the hearsay rule. See
3 Fed. R. Evid. 801(d)(2)(B). In addition, certified copies of documents from certain governmental
4 agencies, such as the California Department of Motor Vehicles, are self-authenticating. Fed.R.Evid.
5 801(c), 803(6) & (8), 902(4) & (11). See United States v. DeWater, 846 F.2d 528, 530 (9th Cir.
6 1988)(finding registration of vehicles by DMV is a routine, non-adversarial activity); United States v.
7 Abascal, 564 F.2d 821, 830 (9th Cir. 1977), cert. denied sub nom. Frakes v. United States, 435 U.S. 942
8 (1977).

**E.     THE COURT SHOULD ALLOW THE ADMISSION OF DUPLICATES**

10          In the alternative, copies of all of the above-mentioned documents items were made by the case
11 agent on the night of Defendant's arrest. In the event that the original documents and items that were
12 in Defendant's possession are no longer available, the Court should allow the introduction of copies
13 of these documents and items. The Government anticipates having a witness with knowledge of both
14 the originals in Defendant's possession as well as the copies that were made at the time of his arrest.
15          A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised
16 as to the authenticity of the original, or (2) under circumstances, it would be unfair to admit the
17 duplicate instead of the original. Fed.R.Evid. 103. The foundation for these duplicates can be
18 established, so they should be admitted at trial.

**F.     THE COURT SHOULD NOT REQUIRE THE UNITED STATES TO PROVE EACH LINK IN THE CHAIN OF CUSTODY OF THE MARIJUANA**

          The United States intends to introduce evidence of the bulk marijuana discovered in a propane
tank in the bed of Defendant's vehicle when he entered the United States. Evidence of the marijuana,
which was first seized by inspectors and later tested by a DEA chemist, is admissible because there is
a presumption of regularity in its handling by these public officials and the testimony of these witnesses
will show that the marijuana has not changed in a material way since its seizure. The United States
should not be required to prove every link in the chain of custody in order for marijuana evidence to
be admissible.
          The test of admissibility of physical objects connected with the commission of a crime requires

1  a showing that the object is in substantially the same condition as when the crime was committed (or
2  the object seized). Factors to be considered are the nature of the article, the circumstances surrounding
3  its preservation and custody, and the likelihood of inter-meddlers tampering with it. There is, however,
4  a presumption of regularity in the handling of exhibits by public officials. United States v. Kaiser, 660
5  F.2d 724, 733 (9th Cir. 1981), cert. denied, 445 U.S. 856 (1982), overruled on other grounds, United
6  States v. DeBright, 730 F.2d 1255, 1259 (9th Cir. 1984) (en banc).

7  If this Court finds that there is a reasonable possibility that a piece of evidence has not changed
8  in a material way, the Court has the discretion to admit the evidence. Id.

9  The United States is not required, in establishing chain of custody, to call all persons who may
10 have come into contact with the piece of evidence. Gallego v. United States, 276 F.2d 914, 917 (9th
11 Cir. 1960).

12 The marijuana seized from Defendant's car was marked, photographed, secured, and transported
13 in accordance with standard operating procedures. Because the marijuana has not changed in a material
14 way and has been properly preserved, the United States should not have to prove every link in the chain
15 of custody from the time it was seized through the time of trial.

16 Moreover, the Government intends to bring the bulk marijuana into the courtroom. The jury
17 is entitled to observe and see for themselves the packages the Government contends contain marijuana.
18 The marijuana is the very essence of the crimes charged in the indictment. The presence of the
19 marijuana is not overly prejudicial under Rule 403 as the jury will hear about the weight charged in the
20 indictment, through witness testimony, and in the jury instructions. Furthermore, the weight and its
21 value are circumstantial evidence of Defendant's knowledge.

22        **G.    THE COURT SHOULD ADMIT DEMEANOR EVIDENCE**

23 Evidence regarding a defendant's demeanor and physical appearance is admissible as
24 circumstantial evidence that is helpful to the jury's determination as to whether a defendant knew drugs
25 were concealed in the vehicle. Fed.R.Evid. 701; United States v. Hursh, 217 F.3d 761 (9th Cir. 2000)
26 (jury may consider defendant's nervousness during questioning at a port of entry); United States v.
27 Fuentes-Cariaga, 209 F.3d 1140, 1144 (9th Cir. 2000) (it is within the ordinary province of jurors to
28 draw inferences from an undisputed fact such as a defendant's nervousness at Calexico Port of Entry);

1  United States v. Barbosa, 906 F.2d 1366, 1368 (9th Cir. 1990) (jury could infer guilty knowledge from
2  a defendant's apparent nervousness and anxiety during airport inspection); United States v. Lui, 941
3  F.2d 844, 848 (9th Cir. 1991) (jury could consider guilty knowledge from a defendant's acting
4  disinterested during airport inspection).

5       It is anticipated that Government witnesses will testify about Defendant's demeanor – in
6  particular his nervousness – at the time he crossed the border. United States inspectors and agents may
7  properly testify to Defendant's behavior, demeanor, and physical appearance, because they have
8  personal knowledge based upon their observations of Defendant. Accordingly, this evidence should
9  be admitted.

10      **H.**    **TESTIMONY OF CHARACTER WITNESSES**

11      In introducing positive character evidence, a defendant must restrict himself to evidence
12 regarding "law abidingness" and honesty. A defendant may not introduce evidence concerning specific
13 instances of good conduct, lack of a prior record, or propensity to engage in specific bad acts such as
14 drug smuggling or distribution. United States v. Hedgecorth, 873 F.2d 1307, 1313 (9th Cir. 1987)
15 ("[W]hile a defendant may show a characteristic for lawfulness through opinion or reputation
16 testimony, evidence of specific acts is generally inadmissible.") (citations omitted); United States v.
17 Barry, 814 F.2d 1400, 1403 (9th Cir. 1987); Government of Virgin Islands v. Grant, 775 F.2d 508, 512
18 (3d Cir. 1985) ("[T]estimony that one has never been arrested is especially weak character evidence".)

19      Any character evidence Defendant seeks to introduce at trial, therefore, should be limited to
20 evidence regarding his law abidingness and honesty. Character evidence beyond the scope of these two
21 traits would be inappropriate.

22      **I.**    **PRECLUDE EXPERT TESTIMONY BY DEFENSE WITNESSES**

23      Defendant must disclose written summaries of testimony that Defendant intends to use under
24 Rules 702.703, or 705 of the Federal Rules of Evidence as evidence at trial.[2/] The summaries are to
25 describe the witness's opinions, the bases and reasons for those opinions, and the witness's
26 qualifications. While defense counsel may wish to call an expert to testify, Defendant has provided

---

28    [2]The United States requested expert notice from Defendant in a letter to defense counsel dated February 6, 2006.

1 neither notice of any expert witness, nor any reports by expert witnesses. Accordingly, Defendant
2 should not be permitted to introduce any expert testimony if she fails to disclose such information prior
3 to trial.

4     If the Court determines that Defendant may introduce expert testimony, the United States
5 requests a hearing to determine this expert's qualifications and relevance of the expert's testimony
6 pursuant to Federal Rule of Evidence 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150
7 (1999). See United States v. Rincon, 11 F.3d 922 (9th Cir. 1993)(affirming the district court's decision
8 to not admit the defendant's proffered expert testimony because there had been no showing that the
9 proposed testimony related to an area that was recognized as a science or that the proposed testimony
10 would assist the jury in understanding the case); see also United States v. Hankey, 203 F.3d 1160, 1167
11 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

## IV
## CONCLUSION

14     For the reasons set forth above, the United States respectfully requests that the Court grant its
15 motions in limine.

16     DATED: February 3, 2008

Respectfully submitted,

CAROL C. LAM
United States Attorney

/s/ Steven De Salvo

STEVEN DE SALVO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALAN OSQUEL GONZALEZ, )<br>)<br>Defendant. )<br>) | Criminal Case No. 07CR2977-JLS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S MOTIONS IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Joan Kerry Bader

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 3, 2008.

/s/ *Steven De Salvo*
STEVEN DE SALVO

07CR2977-JLS