1  KAREN P. HEWITT
   United States Attorney
2  STEVEN DE SALVO
   Assistant United States Attorney
3  California State Bar No. 199904
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7032
   Facsimile: (619) 235-7837
6
   Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10 UNITED STATES OF AMERICA,          )  Criminal Case No. 07CR2977-JLS
                                      )
11              Plaintiff,             )  **UNITED STATES' RESPONSE AND
                                      )  OPPOSITION TO DEFENDANT'S MOTIONS
12        v.                          )  TO:**
                                      )
13 ALAN OSZUEL GONZALEZ,              )  **1.   COMPEL DISCOVERY/PRESERVE
                                      )        EVIDENCE;**
14              Defendant.             )  **2.   GRANT LEAVE TO FILE FURTHER
                                      )        MOTIONS**
15                                    )
                                      )  **AND MOTIONS FOR:**
16                                    )
                                      )  **1.   RECIPROCAL DISCOVERY**
17                                    )
                                      )  Date:      February 11, 2008
18                                    )  Time:      9 a.m.
                                      )  Honorable: Janis L. Sammartino
19                                    )
20                                    )
21                                    )
22                                    )
23                                    )
24                                    )
25                                    )
26                                    )

27 //

28 //

1  COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its Response and Opposition to Defendant's Motions for Discovery. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

**I**

**STATEMENT OF FACTS**

On August 30, 2007, at 5:55 a.m., Defendant entered the United States via the Calexico West Port of Entry. He was the sole occupant and driver of a 1986 Ford F350 Lariat. Inspectors at the Port of Entry discovered 53.88 kilograms of marijuana in the gas tank of the vehicle. After his arrest, ICE Agent Vincent McDonald interviewed Defendant. After obtaining routine background information from Defendant, Agent McDonald advised Defendant of his rights under Miranda. Agent McDonald also obtained a written waiver from Defendant in the English language. Defendant agreed to answer questions without a lawyer present. During the interview, Defendant admitted knowledge of the marijuana. He stated that persons who gave the vehicle to him told him there was marijuana in the vehicle. He admitted to being paid $1,500 to cross the vehicle into the United States.

**II**

**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS**

**A.    ORDER COMPELLING DISCOVERY IS UNNECESSARY**

The United States will have produced 46 pages of discovery and a videotape of Defendant's post-Miranda statement as of the filing of this response. The United States has complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. §3500), and Federal Rule of Criminal Procedure 16. Because the United States has complied and will comply with its discovery obligations, an order to compel discovery is unnecessary.

The United States addresses particular points raised by Defendant as follows:

1.    The Defendant's Statements

The United States has provided to Defendant all copies of any written or recorded statements made by the defendant. If the United States discovers additional statements that require disclosure, such documents will be promptly provided to Defendant.

2.  Arrests Reports, Notes, Dispatch Tapes, and Audio/Visual Recordings

The United States has given to Defendant the documents, arrest reports and tapes relating to this case. If the United States discovers additional reports that require disclosure, such documents will be promptly provided to Defendant.

3.  Brady Material

The United States will comply with its obligations to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the government need not disclose "every bit of information that might affect the jury's decision." United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). Impeachment evidence may constitute Brady material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted).

4.  Any Information That May Result in a Lower Sentence

The United States will comply with its Brady obligations to disclose exculpatory and impeachment information, including any information that would affect Defendant's sentence.

5.  Defendant's Prior Record

The United States has given to Defendant all rap sheets in its possession. By the time of this hearing, the United States expects it will produce, in addition, any other documents in its possession relating to Defendant's prior convictions.

6.  Any Proposed 404(b) Evidence

The United States will disclose in advance of trial the general nature of any "other bad acts" evidence that the United States intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Evidence should not be treated as "other bad acts" evidence under Fed. R. Evid. 404(b) when the evidence

1 concerning the other bad acts and the evidence concerning the crime charged are "inextricably
2 intertwined." See United States v. Soliman, 812 F.2d 277, 279 (9th Cir. 1987).

3 　　　　The United States will also disclose in advance any prior convictions that the United States
4 intends to introduce at trial pursuant to Fed. R. Evid. 609. If Defendant takes the stand, the United States
5 will seek to introduce any felony convictions, or misdemeanor convictions involving false statements
6 or dishonesty, if any such convictions exist. The United States is aware that Defendant has a 2007
7 misdemeanor conviction for failure to comply with a court order; to the extent that this conviction meets
8 the requirements of Rule 609, the United States hereby gives notice of its intent to admit evidence of the
9 conviction. As noted above, the United States already has provided Defendant with a copy of his known
10 prior criminal record. The United States also expects that, by the time of this hearing, it will have
11 produced all supporting documents, including conviction documents, to fulfill duty of discovery under
12 Rule 16(a)(1)(D). See United States v. Audelo-Sanchez, 923 F.2d 129 (9th Cir. 1990).

13 　　　　7.　　Evidence Seized

14 　　　　The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing
15 Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that
16 is within its possession, custody, or control, and that is either material to the preparation of Defendant's
17 defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was
18 obtained from or belongs to Defendant.

19 　　　　8.　　Request for Preservation of Evidence

20 　　　　The United States will preserve all evidence to which Defendant is entitled to pursuant to the
21 relevant discovery rules. The United States does object, however, to a blanket request to preserve all
22 physical evidence.

23 　　　　In addition, the United States will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir.
24 1991) and request that all federal agencies involved in the criminal investigation and prosecution review
25 the personnel files of the federal law enforcement inspectors, officers, and special agents whom the
26 United States intends to call at trial and disclose information favorable to the defense that meets the
27 appropriate standard of materiality. See United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing
28 United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the materiality of incriminating

information in the personnel files is in doubt, the information will be submitted to the Court for an <u>in camera</u> inspection and review.

        9.        <u>Tangible Objects</u>

The United States has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant. This includes any color photographs. The United States need not, however, produce rebuttal evidence in advance of trial. See <u>United States v. Givens</u>, 767 F.2d 574, 584 (9th Cir. 1984). The United States is not aware of any photographs, books, or vehicles relevant to this case.

        10.       <u>Evidence of Bias or Motive to Lie</u>

The United States recognizes its obligation to provide information related to the prejudice, bias or other motive to slant testimony of trial witnesses, as mandated in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). At this time, the United States is unaware of any prospective witness who is biased or prejudiced against Defendant or who has a motive to falsify or distort his or her testimony.

        11.       <u>Impeachment Evidence</u>

The United States recognizes and will comply with its obligations under the case law and discovery rules to disclose exculpatory information and impeachment information. To the extent such disclosures are not required by the case law and rules, the United States opposes Defendant's broad request for evidence of criminal acts or investigations into prospective government witnesses by federal, state or local authorities. Moreover, the United States has no obligation to disclose information not within its possession. See <u>United States v. Gatto</u>, 763 F.2d 1040, 1048 (9th Cir. 1985); <u>United States v. Aichele</u>, 941 F.2d 761, 764 (9th Cir. 1991) (California state prisoner's files outside of federal prosecutor's possession); <u>United States v. Chavez-Vernaza</u>, 844 F.2d 1368, 1375 (9th Cir. 1987) (the federal government had no duty to obtain from state officials documents of which it was aware but over which it had no actual control); cf. <u>Beavers v. U.S.</u>, 351 F.2d 507 (9th Cir. 1965) (Jencks Act refers to

"any statement" of a witness produced by United States which is in possession of United States and does not apply to a recording in possession of state authorities).

### 12. Evidence of Criminal Investigation of Any Government Witness

The United States is unaware of any evidence that any government witness is, or has been, the subject of a criminal investigation. In any event, as noted above, the United States opposes Defendant's broad request for such information.

### 13. Evidence Affecting Perception, Recollection, Ability to Communicate

The United States is unaware of any evidence that any government witness's physical ability to perceive, recollect or communicate or commitment to tell the truth is impaired. The United States opposes the request for information that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. This request is overly broad and ignores the standard of materiality set forth in Brady for exculpatory or impeachment information.

### 14. Witness Addresses

The United States will provide the names of the witnesses it intends to call at trial. Defendant has already received access to the names of potential witnesses through the discovery sent to his counsel. The United States objects to Defendant's request for witness addresses. None of the cases cited by Defendant, nor any rule of discovery, requires the United States to disclose witness addresses.

### 15. Name of Witnesses Favorable to the Defendant

The United States will comply with its obligations to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the government need not disclose "every bit of information that might affect the jury's decision." United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). Impeachment evidence may constitute Brady material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted).

### 16. Statements Relevant to the Defense

1  As noted above, the United States will comply with its obligations to produce any evidence
2  which is required to be disclosed under Brady.

3  17. Jencks Act Material

4  The United States has or will comply with the disclose requirements of the Jencks Act. For
5  purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or
6  otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded
7  transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18
8  U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act
9  if the statements are adopted by the witness, as when the notes are read back to a witness to see whether
10 or not the government agent correctly understood what the witness was saying. See United States v.
11 Boshell, 952 F.2d 1101, 1105 (9th Cir. 1991). By the same token, rough notes by an agent "are not
12 producible under the Jencks Act due to the incomplete nature of the notes." United States v. Cedano-
13 Arellano, 332 F.3d 568, 571 (9th Cir. 2004).

14  18. Giglio Information

15 The United States is not aware of any statements and/or promises, express or implied, made to
16 any government witness in exchange for their testimony in this case.

17  19. Agreements Between the Government and Witnesses

18 As already noted, the United States does not know of any individuals who were witnesses to
19 Defendant's offenses except the law enforcement agents who apprehended him. The names of these
20 individuals already have been provided to Defendant.

21  20. Informants and Cooperating Witnesses

22 The United States does not know of any individuals who were witnesses to Defendant's
23 offenses except the law enforcement agents who apprehended him. The names of these individuals have
24 already been provided to Defendant.

25  21. Bias by Informants or Cooperating Witnesses

26 As already noted, the United States does not know of any individuals who were witnesses to
27 Defendant's offenses except the law enforcement agents who apprehended him. The names of these
28 individuals already have been provided to Defendant.

## III

## UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

Defendant has invoked Fed. R. Crim. P. 16(a) and the Government has voluntarily complied and continues to comply with the requirements of Rule 16(a). Therefore, 16(b) provision of that rule is applicable. The United States, pursuant to Rule 16(b), hereby requests defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except the defendant. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## IV

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Defendant's motions except where unopposed.

DATED:  February 3, 2008

        Respectfully Submitted,

        KAREN P. HEWITT
          United States Attorney

        /s/

        STEVEN DE SALVO
        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR2977-JLS |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| ALAN OSZUEL GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

IT IS HEREBY CERTIFIED THAT:

I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR DISCOVERY on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**Joan Kerry Bader**
Law Offices of J. Kerry Bader
964 Fifth Avenue
Suite 214
San Diego, CA 92101-6128

1       (619)699-5995

2       kbader1270@aol.com

4 I declare under penalty of perjury that the foregoing is true and correct.

6 Executed on February 3, 2008.

7                                       s/ n De Salvo

9                                       STEVEN DE SALVO