KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 199904
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6330
Facsimile: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALAN OSZUEL GONZALEZ, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> _____ ) | Criminal Case No. 07CR2977-JLS <br><br> Date: February 11, 2008 <br> Time: 9:00 a.m. <br> Before Honorable Janis L. Sammartino <br><br> UNITED STATES' OPPOSITION IN RESPONSE TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE STATEMENTS UNDER *CRAWFORD V. WASHINGTON* <br><br> TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES |

      COMES NOW, the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant United States Attorney, and hereby files its response in opposition to defendant's motion in limine (as construed by this Court from Defendant's previously filed Motion to Suppress).

I

**STATEMENT OF THE CASE**

On October 31, 2007, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Alan Oszuel Gonzalez ("Defendant") with Importation of Marijuana, in violation of Title 21, United States Code, Sections 952, 960 and Possession of Marijuana With Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1). On November 16, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

II

**STATEMENT OF FACTS**

On August 30, 2007, at 5:55 a.m., Defendant entered the United States via the Calexico West Port of Entry. He was the sole occupant and driver of a 1986 Ford F350 Lariat. The Customs and Border Protection Officer noticed that Defendant was nervously fidgeting. When asked to whom the car belonged, Defendant replied that he bought the truck six months earlier in Mexicali. Agents later confirmed that in March 2007 Defendant had submitted a registration application with the Department of Motor Vehicles, but that he had not completed the registration.

In the primary inspection area, the officer tapped a propane tank located in the bed of the truck, and heard a thud, indicating to him that the tank contained a solid substance. After the vehicle was referred to the secondary inspection area, an officer with a narcotics detector dog screened the truck and the dog alerted to the propane tank. Officers noticed that the propane tank had been cosmetically repaired with Bondo®. Officers removed the end cap of the tank and removed seven packages of a green leafy substance, which tested positive for marijuana.

After Defendant's arrest, ICE Agent Vincent McDonald interviewed Defendant. After obtaining routine background information, Agent McDonald advised Defendant of his rights under Miranda. Agent McDonald also obtained a written waiver from Defendant in the English language. Defendant agreed to answer questions without a lawyer present. During the interview, Defendant admitted knowledge of the marijuana. He stated that persons who gave the vehicle to him told him there was marijuana in the vehicle. He admitted to being paid $1,500 to cross the vehicle into the United States.

# III

# ARGUMENT

**A. STATEMENTS MADE BY DEFENDANT FALL WITHIN RULE 801(d)(2)(A) AS A PARTY ADMISSION; *CRAWFORD* DOES NOT APPLY**

Under Federal Rule of Evidence 801(d)(2)(A), an admission by a defendant is not hearsay and may be admitted so long as the basic foundational requirements are met – i.e., there is a showing that there was a waiver of Miranda rights and the statement was voluntarily made. See Miranda v. Arizona, 384 U.S. 436 (1966); Dickerson v. United States, 530 U.S. 428 (2000). As this Court already has held, the statements by the Defendant have satisfied this rule. See February 5, 2008, Order Denying Defendant's Motion to Suppress Statements.

Nevertheless, Defendant argues that Crawford v. Washington, 541 U.S. 36 (2004), bars the admission of Defendant's statements because they are "unreliable." See Defendant's Motion To Suppress, at 21. This argument is wrong. Crawford does not apply here. Crawford held that it was a violation of the Confrontation Clause to admit out-of-court hearsay statements of a witness (not an accused) who was not subject to cross examination. The Supreme Court in Crawford overruled Ohio v. Roberts, 448 U.S. 56 (1980), holding that the Confrontation Clause could not be avoided simply on grounds that the hearsay statement was "rooted in a hearsay exception" or "bears particularized guarantees of trustworthiness." See Crawford, 541 U.S. at 59-60.

In contrast to the out-of-court hearsay statement at issue in Crawford, Defendant's confession is not hearsay. A confession by an accused is admissible not as an exception to the hearsay rule, but "rather on the idea that a party cannot object to his failure to cross examine himself." See United Staets v. Gibson, 409 F.3d 325, 338 (2005) (quoting United States v. Chappell, 698 F.2d 308, 312(7th Cir. 1983)). Accordingly, there is no violation of Crawford, because "admission of non-hearsay raises no Confrontation Clause concerns." United States v. Inadi, 475 U.S. 387, 398 n.11 (1986) (quoting Tennessee v. Street, 471 U.S. 409, 414 (1985). If Defendant wants to challenge the reliability of his own statements, he can take the stand and explain them. See Crawford, 541 U.S. at 59 ("The [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.") What Defendant cannot do is invoke the Fifth Amendment's privilege against

self-incrimination at trial and, at the same time, object to his own out-of-court statements on the grounds that he cannot confront them. See Gibson, 409 F.3d at 338.

### A. STATEMENTS MADE BY LAW ENFORCEMENT AGENTS DURING THE INTERROGATION OF DEFENDANT ARE ADMISSIBLE

Defendant also challenges the admissibility of statements made by the law enforcement agents during the videotaped interrogation of Defendant. However, the agents' statements are admissible because they are not being admitted as hearsay – i.e., to prove the truth of the matters asserted – but rather to provide context for the admissions of Defendant. It is a basic rule of evidence that a statement not offered for the truth of the matter asserted is not hearsay. See Fed. R. Evid. 801(c). Accordingly, as non-hearsay statements, the agents' statements during the videotaped interrogation of Defendant raise no Confrontation Clause concerns and do not implicate Crawford. See United States v. Walter, 434 F.3d 30, 33-34 (1st Cir. 2006) (admission of statements by government informant during taped confession by defendant were admissible as non-hearsay and did not raise Confrontation Clause concerns) (citing Inadi, 475 U.S. at 398 n.11). As the First Circuit in Walter explained:

> [T]he Confrontation Clause "does not bar the use of testimonial statements for purpose other than establishing the truth of the matter asserted." Crawford therefore does not call into question this Court's precedents holding that statements introduced solely to place a defendant's admissions into context are not hearsay, and as such, do not run afoul of the Confrontation Clause.

Walter, 434 F.3d at 35 (quoting Crawford, 541 U.S. at 57 n.9) (citations omitted). The statements by the agents in the videotaped confession are therefore admissible.

### IV
### CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny Defendant's motion in limine.

DATED: February 7, 2008                    Respectfully submitted,

                                           KAREN P. HEWITT
                                           United States Attorney

                                           /s/ Steven De Salvo

                                           STEVEN DE SALVO
                                           Assistant U.S. Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>ALAN OSZUEL GONZALEZ,<br><br>　　　　　Defendant. | Criminal Case No. 07CR2977-JLS<br><br>CERTIFICATE OF SERVICE |

　　　IT IS HEREBY CERTIFIED THAT:

　　　I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

　　　I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

　　　Joan Kerry Bader

　　　I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

　　　None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

　　　I declare under penalty of perjury that the foregoing is true and correct.

　　　Executed on February 7, 2008.


　　　　　　　　　　　　　　　　　　　　　/s/ ***Steven De Salvo***
　　　　　　　　　　　　　　　　　　　　　STEVEN DE SALVO

07CR2977-JLS