KAREN P. HEWITT
United States Attorney
STEVEN DE SALVO
Assistant U.S. Attorney
California State Bar No. 231929
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7032
Fax: (619) 235-2757
E-mail: steven.desalvo@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ALAN OSZUEL GONZALEZ, <br><br> Defendant. | Criminal Case No. 07CR2977-JLS <br><br> **GOVERNMENT'S TRIAL MEMORANDUM** <br><br> Trial Date: February 11, 2007 <br> Time: 9:00 a.m. <br> Court: The Hon. Janis L. Sammartino |

COMES NOW the plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steven De Salvo, Assistant U.S. Attorney, and respectfully submits the following Trial Memorandum.

//
//
//
//
//
//
//
//
//

# I

# STATEMENT OF THE CASE

### A. INDICTMENT

On October 31, 2007, a federal grand jury in the Southern District of California returned a two-count Indictment charging defendant Alan Oszuel Gonzalez ("Defendant") with Importation of Marijuana, in violation of Title 21, United States Code, Sections 952, 960 and Possession of Marijuana With Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1). On November 16, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

### B. TRIAL STATUS

A jury trial is scheduled for February 11, 2008 at 9:00 a.m. before the Honorable Janis L. Sammartino. Because defense counsel has indicated that Defendant will waive his right to a jury trial, the Government will streamline its case-in-chief; it should last approximately one day.

### C. DEFENSE COUNSEL

Joan Kerry Bader has been appointed to represent Defendant.

### D. DEFENDANT'S CUSTODY STATUS

Defendant posted the $20,000 bail and is out of custody.

### E. INTERPRETER

The Government does not need an interpreter for any of its witnesses.

### F. JURY WAIVER

Defendant has not filed a jury waiver. However, as noted above, defense counsel has informed the Government that Defendant will waive his right to jury and that the case will proceed as a bench trial.

### G. PRE-TRIAL MOTIONS AND MOTIONS IN LIMINE

On December 17, 2007, Defendant filed motions to compel discovery and to suppress Defendant's post-<u>Miranda</u> statements. On January 28, 2007, the Government filed its response to Defendant's motions. On February 5, the Court held an evidentiary hearing on the motion and, on the following day, the Court issued a written order denying the motion to suppress. The Government also has filed Motions <u>In Limine</u> to exclude all witnesses except the Government's case agent; prohibit reference to punishment, education, health, age, and finances, admit expert testimony; admit documents;

1  establish chain of custody; admit demeanor evidence; limit testimony of character witnesses; demeanor
2  evidence; and preclude expert testimony by defense witnesses. The Court has indicated that Defendant's
3  request to exclude evidence under Crawford v. Washington, 541 U.S. 36 (2004), previously contained
4  in Defendant's Motion to Suppress, will be construed as a Motion in Limine. On February 7, the
5  Government filed its Opposition In Response to Defendant's Motion in Limine. A motion hearing on
6  the in limine motions is scheduled for Monday, February 4, 2008.

      **H.    STIPULATIONS**

8        To date, the parties have not entered into any stipulations. However, counsel for both parties
9  have agreed that stipulations will be offered on the following: (a) that the green leafy substance seized
10  in this case is, in fact, marijuana, and (b) the amount of marijuana seized is an amount for distribution
11  and not personal use.

      **I.    DISCOVERY**

13        The Government has complied and will continue to comply with its discovery obligations. To
14  date, Defendant has provided no reciprocal discovery.

## II

## STATEMENT OF FACTS

17        On August 30, 2007, at 5:55 a.m., Defendant entered the United States via the Calexico West
18  Port of Entry. He was the sole occupant and driver of a 1986 Ford F350 Lariat. The Customs and
19  Border Protection Officer noticed that Defendant was nervously fidgeting. When asked to whom the
20  car belonged, Defendant replied that he bought the truck six months earlier in Mexicali. Agents later
21  confirmed that in March 2007 Defendant had submitted a registration application with the Department
22  of Motor Vehicles, but that he had not completed the registration.

23        In the primary inspection area, the officer tapped a propane tank located in the bed of the truck,
24  and heard a thud, indicating to him that the tank contained a solid substance. After the vehicle was
25  referred to the secondary inspection area, an officer with a narcotics detector dog screened the truck and
26  the dog alerted to the propane tank. Officers noticed that the propane tank had been cosmetically
27  repaired with Bondo®. Officers removed the end cap of the tank and removed seven packages of a green
28  leafy substance, which tested positive for marijuana.

After Defendant's arrest, ICE Agent Vincent McDonald interviewed Defendant. After obtaining routine background information, Agent McDonald advised Defendant of his rights under <u>Miranda</u>. Agent McDonald also obtained a written waiver from Defendant in the English language. Defendant agreed to answer questions without a lawyer present. During the interview, Defendant admitted knowledge of the marijuana. He stated that persons who gave the vehicle to him told him there was marijuana in the vehicle. He admitted to being paid $1,500 to cross the vehicle into the United States.

### III
### WITNESSES

The Government expects to call the following witnesses, although it reserves the right to change the order of these witnesses, substitute witnesses, add, or omit one or more witnesses.

1. CBP Officer Ismael Mercado
2. CBP Officer Robert Ramirez
3. CBP Officer Charles Jones
4. ICE Special Agent Vincent McDonald
5. ICE Special Agent Tim Henderson
6. DEA Chemist Dean Kirby*
7. ICE Special Agent Jerry Conrad*

* If anticipated stipulations are entered into, testimony from these witnesses will not be necessary.

Absent a stipulation, the Government intends to call ICE Special Agent Jerry Conrad as an expert on the wholesale and retail values of marijuana in Mexico and Imperial County in July 2007. Based on his education, training, and experience, Agent Conrad will also testify that the amount of marijuana in this case, approximately 53.88 kilograms, is an amount for distribution and not for personal use. If Agent Conrad testifies, he will also testify – if permitted by the Court – that drug traffickers do not entrust large and valuable quantities of narcotics to unknowing transporters.

Furthermore, absent a stipulation, the Government intends to call Senior Forensic Chemist Dean Kirby to testify that the substance seized in this case is marijuana. The substance seized has been analyzed by Mr. Kirby, who is with the Southwest Lab of the Drug Enforcement Administration, in Vista, California. Mr. Kirby will testify as to the identity of the contraband sampled and to the positive

test for the presence of THC. Mr. Kirby will describe the process used to analyze the substance, including the receipt and handling thereof. Mr. Kirby will offer an expert opinion that the core sample tested is, in fact, marijuana. Mr. Kirby will base his opinion on his education, training, and experience in the field, along with his knowledge and use of accepted scientific methods of testing.

## IV
## EXHIBITS

The following is a partial list of the exhibits the Government intends to offer at trial. The Government reserves the right to add or remove exhibits from this list, and will provide a complete list prior to trial. The Government requests that Defendant examine the Government's exhibits before trial to expedite proceedings. The Government further requests an opportunity to examine Defendant's exhibits before trial. The Government intends to offer into evidence the following (some of these documents may be omitted, depending on whether stipulations are entered into):

1. Photos of Calexico West Port of Entry
2. Photos of exterior of load vehicle
3. Photos of the propane tank located on load vehicle
4. The bulk marijuana load
5. Registration document seized from vehicle
6. Other documents retrieved from Defendant
6. Value chart

## IV
## LEGAL ISSUES

**A.    ELEMENTS OF THE CHARGED OFFENSES**

    **1.    21 U.S.C. § 952,960**

The Government must prove beyond a reasonable doubt the following elements:

First, Defendant knowingly brought marijuana into the United States;

Second, Defendant knew that it was marijuana or some other prohibited drug.

See 9th Cir. Crim. Jury Instr. 9.27 (2007).

//

### 2. 21 U.S.C. § 841(a)(1)

The Government must prove beyond a reasonable doubt the following elements:

First, Defendant knowingly possessed marijuana or some other prohibited drug;

Second, Defendant possessed it with the intent to deliver it to another person.

See 9th Cir. Crim. Jury Instr. 9.13 (2007).

It does not matter whether Defendant knew that the substance was marijuana. It is sufficient that he knew it was some kind of prohibited drug. Id. To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction. Id. Possession may be actual or constructive, and it may be proved by direct or circumstantial evidence. See United States v. Magallon-Jimenez, 219 F.3d 1109, 1112-1113 (9th Cir. 2000). Furthermore, a defendant's mere possession of a substantial quantity of a controlled substance may show that the defendant knowingly possessed the substance. See United States v. Diaz Cardenas, 351 F.3d 404, 407 (9th Cir. 2003) (holding that jury could infer knowledge when the defendant was driver and sole occupant of vehicle containing 9.48 pounds of methamphetamine and 17.65 pounds of methamphetamine concealed in air bag of car); United States v. Sanchez-Lopez, 879 F.2d 541, 555 (9th Cir. 1989) (holding that 2.5 kilograms of cocaine was sufficient to show knowledge and intent to distribute and noting that a secret compartment within a vehicle used to conceal illegal substances can raise an inference concerning knowledge of the substance).

Knowledge may also be proved by reasonable inferences from the high street value of the narcotics. See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) ("DEA agents can testify as to the street value of narcotics . . . and counsel can argue reasonable inferences from it") (citation omitted); United States v. Golden, 532 F.2d 1244, 1247 (9th Cir.1976) (holding that "value of the heroin found in the bags was relevant to both appellants' knowledge of the presence of the heroin and intent to distribute"); Gaylor v. United States, 426 F.2d 233, 235 (9th Cir. 1970) (testimony as to the selling price of cocaine was relevant to issue of knowledge, since it tended to refute "the possibility that a stranger could have placed such a valuable cargo in a vehicle in the hope that the vehicle could be followed and the cocaine later recovered in the United States").

With regard to distribution/delivery, the United States may prove the "intent to deliver" element based on the contraband's: large quantity (<u>United States v. Diaz Cardenas</u>, 351 F.3d at 407), packaging (<u>United States v. Glenn</u>, 667 F.2d 1269, 1292 (9th Cir. 1982)), and the street value (<u>United States v. Davila-Escovedo</u>, 36 F.3d 840, 843 (9th Cir. 1994)).

## VI

## **VOIR DIRE**

The Government requests that the following <u>voir dire</u> questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

2. The Government will be calling witnesses employed by Customs and Border Protection, Immigration and Customs Enforcement, and the Drug Enforcement Administration. Does anyone have family members or close friends who work, or have worked, for these agencies? Would that prevent you from being fair and impartial?

3. Has anyone had an unpleasant or negative experience with any law enforcement personnel? Would that cause you to be biased against law enforcement?

4. Has anyone ever had any disputes with any agency of the United States Government? If so, please describe.

5. Have you or any relatives or close friends ever been accused of, or charged with, a similar crime?

6. Has anyone had any training in the law? If so, please explain.

7. Will you be able to put aside any feeling of sympathy or pity for the defendant when deciding the facts of this case?

8. Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

9. Does anybody have any moral or religious reservations that might prevent them from standing in judgment of other human beings?

10. Does anybody have strong feelings or opinions about U.S. narcotics laws that would prevent him or her from viewing the evidence impartially?

11. The Government must prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond all possible doubt?

//
//
//

## VII

## JURY INSTRUCTIONS

As noted above, the Government has been informed that Defendant will waive his right to a jury trial. However, if no such waiver to occur, the Government would propose the following jury instructions form the 9th Circuit Criminal Jury Instructions (revised 5/07): 1.1 - 1.4, 1.6 - 1.13A, 2.1 - 2.2, 3.1- 3.9, 3.12, 3.18, 4.1, 4.17-4.18, 5.6-5.7, 7.1 - 7.6, 9.13, 9.13A, and 9.27. The Government reserves the right to submit additional instructions at the Rule 30 conference.

DATED: February 7, 2008                    Respectfully submitted,

                                                                    KAREN P. HEWITT
                                                                    United States Attorney

                                                                    /s/ ***Steven De Salvo***
                                                                    STEVEN DE SALVO
                                                                    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ALAN OSZUEL GONZALEZ,<br><br>          Defendant. | Criminal Case No. 07CR2977-JLS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

   I, STEVEN DE SALVO, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

   I am not a party to the above-entitled action. I have caused service of **GOVERNMENT'S TRIAL MEMORANDUM** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

   Joan Kerry Bader

   I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

   None

the last known address, at which place there is delivery service of mail from the United States Postal Service.

   I declare under penalty of perjury that the foregoing is true and correct.

   Executed on February 7, 2008.

                                        /s/ *Steven De Salvo*
                                        STEVEN DE SALVO